# AARONSON RAPPAPORT
Aaronson Rappaport Feinstein & Deutsch, LLP

Andrew J. Benard
Phone (212) 593-1060
Cell (332) 223-2638
ajbenard@arfdlaw.com

August 10, 2021

Magistrate Judge Ona T. Wang
United States Courthouse
500 Pearl Street, Courtroom 20D
New York, NY 1007-1312

Re: **Kamal Ravikant v. Christine Rhode, M.D., et al; Civil Action: 21-cv-04758**
    **<u>Defendant's Opposition to Plaintiff's Discovery Motion: Rule – 34 Order Shortening Time to Produce Documents</u>**

Dear Honorable Magistrate Judge Wang:

This office represents the Defendants Christine Rohde, M.D., Joseph Alukal, M.D., Jarrod Bogue, M.D., The Trustees of Columbia University and The New York and Presbyterian Hospital in this action. I submit this opposition on their behalf in response to Plaintiff's Rule 34 discovery motion.

This is a recently filed case sounding in medical malpractice and before this Court based upon diversity jurisdiction. Plaintiff has filed a motion requesting that the Court shorten Defendants' time to respond to his <u>initial</u> Rule 34 Requests for production from 30 days to <u>5 days</u>. Defendants oppose this request on the grounds that it is <u>premature</u>, <u>would unduly burden and prejudice Defendants</u>, and <u>there is no basis for the entry of such an order</u>.

Plaintiff's motion is premature given how early we are in this case as set forth below:
1. The case was initiated on **June 1, 2021.**
2. The parties held a conference via zoom pursuant to FRCP 26(f) on **June 25, 2021.**
3. Defendants answered the complaint on **June 30, 2021.**
4. The Report of the Proposed Case Management Plan pursuant to FRCP 26(f) was filed on **July 15, 2021.** Included in that filing in Section 4 was an agreement that Defendants' "will produce their initial set of relevant documents and disclosures" by **July 31, 2021** and "and will continue to supplement its production."
5. The Court held an initial conference on **July 27, 2021.**
6. Plaintiff served his <u>initial Requests for Production that are the subject of this motion</u> on **July 29, 2021.**
7. Plaintiff filed the instant letter motion on **August 6, 2021.**

During the course of the past several weeks, Defendants served Plaintiff's Counsel with copies of medical records that were then in our possession, pursuant to the proposed case management plan. We also informed Plaintiff that there were some technical problems with the hospital chart

that we were working to rectify. Thereafter, Plaintiff's counsel noted deficiencies regarding the records of the individually named defendants that were provided, provided additional information as lately as August 3, 2021, and demanded supplementation. Based upon that additional information, Defendants informed Plaintiff's counsel that we were investigating and would provide Plaintiff with copies of the records upon receipt. (*See* enclosures attached to Plaintiff's letter motion). Since then, Defense counsel has been in daily contact with our clients in efforts to obtain the relevant records and ensure that they are complete. Despite Defendants' efforts and responses to Plaintiff's daily requests for status updates, Plaintiff has puzzlingly chosen not to permit Defendants time to complete this process.

Plaintiff asks the Court to shorten Defendants' time to respond to Requests for Production served on July 29, 2021 from 30 days as provided in Rule 34, to 5 days. Defendants request that the Court deny this request because there are no grounds to shorten time. Defendants are working diligently to provide the medical records of our clients as soon as they have been confirmed to be complete. For example, on August 9, 2021, we received the office records of Dr. Rhode and August 10, 2021, we provided them to Plaintiff's counsel via Dropbox. As we have informed Plaintiff's counsel, the remainder of the medical records will likewise be disclosed as soon as practicable.

Plaintiff's other requests for production involve documents not included in the medical records and not routinely maintained in a single location, including emails and text messages stored in a variety of locations. As a result, Defendants and their counsel require time to complete our investigation and gather the records. To grant a 5-day deadline to respond would impose an unreasonable (and perhaps unobtainable) burden on Defendants because it would not permit time gather the responsive documents, and ensure that they are complete, responsive, and do not contain privileged information.

Finally, Plaintiff has demonstrated no grounds for modification of the 30-day deadline set forth in Rule 34. He cites to a deadline for Plaintiff's deposition on or before October 5, 2021 as grounds. Plaintiff agreed to this tentative deposition date, so it is no surprise or imposition. Further, pursuant to Rule 34, Plaintiff will have his responses by August 28, 2021, at the latest. Accordingly, there are no grounds to shorten time, particularly in light of the unreasonable burden such an order would impose on Defendants. The Defendants are afforded 30 days to respond under the FRCP, and we merely ask that we be given the opportunity to do so.

In sum, Defendants see no reason why Plaintiff initiated motion practice at this time. His request is premature, would impose an unreasonable burden on Defendants who have diligently cooperated with his requests to date, and is without any grounds to be granted. Accordingly, Defendants respectfully request that the Court deny Plaintiff's motion.

Respectfully submitted,

s/*Andrew J. Benard*

Andrew J. Benard