UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - -x

KAMAL RAVIKANT

                    Plaintiff(s),

      -against-

CHRISTINE ROHDE, M.D. et al

                    Defendant(s).

- - - - - - - - - - - - - - - - - - - - - - - - - - -x

No. 21-cv-04758 (GHW) (OTW)

**STIPULATION AND PROTECTIVE ORDER**

    WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

    ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. **Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped either "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY".**

2. **Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.**

3. **In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the**

1

       **Confidential Information.**

4. **If a party wishes to distribute the information which is designated "CONFIDENTIAL FOR ATTORNEY EYES ONLY" to a party or third party, including a retained expert, the parties shall meet and confer and attempt in good faith to reach agreement on the terms and conditions pursuant to which the information may be distributed. If no agreement is reached as to terms and conditions of distribution the parties may request the Court to rule on their respective positions.**

5. **Documents or information designated "Attorney Eyes Only" received by attorneys who have appeared in this action may be shown or distributed to their respective Secretary or Paralegal Assistants on execution of the Confidentiality Undertakings which pertains to that designation.**

6. **All other documents designated solely as "CONFIDENTIAL" shall not be disclosed to any person, except:**

    a. **The requesting party and counsel, including in-house counsel;**
    b. **Employees of such counsel assigned to and necessary to assist in the litigation;**
    c. **Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and**
    d. **The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with theCourt).**

7. **Before disclosing or displaying the Confidential Information to any person,counsel must:**

    a. **Inform the person of the confidential nature of the information or documents;**
    b. **Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and**
    c. **Require each such person to sign an undertaking to be bound by this Order in the form attached below.**

8. **Each party shall maintain a file of the executed copies of the respective confidentiality undertakings as set forth below. In the event that a party has good cause to suspect that a leak of confidential information has occurred, the parties shall cooperate in good faith in determining the source of the leak of that information and either party may request that the other turn over the**

2

    executed confidentiality undertakings maintained by the other's office. In the event of a disagreement regarding such disclosure the parties shall meet and confer in an effort to resolve the disagreement. If no agreement is reached the parties may request the Court to rule on their respective positions.

9. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to later designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

10. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving partyin a manner that is secure and confidential.

11. Pursuant to Federal Rule of Civil Procedure 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in thismatter provided the parties follow the steps set forth in Rule 502.

12. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

13. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except the parties' counsel shall be permitted to retain their working files on the condition those files will remain protected.

SO STIPULATED AND AGREED.

  *s/Steven B. Stein*                          *s/Andrew J. Benard*
  Steven B. Stein, Esq.                Andrew Benard, Esq.
  Dated: August 20, 2021           Dated: August 20, 2021

SO ORDERED.

_____
Ona T. Wang
United States Magistrate Judge

**Dated:**      **New York, New York**
               <u>**September 10, 2021**</u>

## Confidentiality Undertakings

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

**DATED:**

_____

**Signed in the presence of:**

_____

## Ravikant vs. Rhode

### Confidentiality Undertakings – Attorney Eyes Only Materials

I have been informed by attorneys, Robert J. Cecala, Kevin J. Denaro or Andrew Benard that certain documents and/or information has been provided to them in the action titled *Ravikant vs. Rohde* and are designated "Attorney Eyes Only".

The documents and information are the subject of an Order entered in the U.S. District Court for the Southern District of New York.

I have been given permission to view and work with the documents or information consistent with my duties and at ARFD as Paralegal Assistant and/or Secretary to Robert J. Cecala, Kevin J. Denaro or Andrew Benard on the condition the documents and information may not be taken by me to any location other than my office (work and home) and may not be discussed in an way, shape, manner or form with any third-party including my family members.

I consent to a copy of this Undertaking being supplied to the attorney who provided the documents and/or information to Robert J. Cecala, Kevin J. Denaro or Andrew Benard, if requested by the ARFD attorney who provided the documents or information to me.

**Dated:**

_____
 **[Name of Paralegal or Secretary]**


**Executed in the presence of:**

_____
 Robert J. Cecala/Kevin J. Denaro/Andrew Benard
**ARFD Attorneys**