UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

KAMAL RAVIKANT,

                    Plaintiff,

             -against-                    21-cv-4758 (GHW) (OTW)

CHRISTINE H. ROHDE, JOSEPH P. ALUKAL,
JARROD BOGUE, COLUMBIA DOCTORS
FACULTY PRACTICE GROUP OF THE COLUMBIA      **ORDER**
UNIVERSITY IRVING MEDICAL CENTER, THE
NEW YORK AND PRESBYTERIAN HOSPITAL,
JENNIE ROVANO, COLUMBIA DOCTORS
MEDICAL GROUP

                    Defendants.

------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

    **I.**    **Introduction**

This medical malpractice case arises from adverse consequences in the days following Plaintiff's surgery on October 1, 2019. The named defendants in this case include medical doctors, nurses, major hospitals, and entities affiliated with those medical doctors. This case was referred to me for general pretrial management on May 28, 2021. Parties exchanged initial disclosures and initiated document requests by September 9, 2021. (ECF 39). Defendants produced, among other things, all Electronic Medical Records in August 2021.[1]

---

[1] The Electronic Health Records ("EHR") and Electronic Medical Records ("EMR") show the record of Plaintiff's treatment by these defendants and includes the times and dates of the entries. (ECF 72).

Since this case was referred to me in May 2021, Plaintiff's counsel has needlessly multiplied and complicated discovery. Significant judicial and legal resources have been devoted to resolving these unnecessary disputes. For example:

- On July 29, 2021, Plaintiff's counsel served a request for production ("RFP") on Defendants Rhode and Alukal seeking their "complete medical and surgical office charts and correspondence." (ECF 32). On **August 3, 2021**, Defendants produced documents to Plaintiff's counsel and said if there were additional discovery, he would send it to Plaintiff "as soon as possible." (ECF 32 at 6). Plaintiff's counsel said this was "not acceptable" and demanded that defendants "immediately comply with all Rule 26 Initial Disclosures – meaning delivery of their complete office/medical charts comprised **of every discoverable document in their offices** – by close of business this **Thursday, August 4, 2021**." (ECF 32 at 5) (emphases added). On Friday, August 6, 2021, Plaintiff's counsel sought an Order shortening Defendant's response time from thirty days to "within **five days of the date of an entry of an Order.**" (ECF 32) (emphasis added). Plaintiff's counsel argued this Order was necessary because "Defendants' document production failure"[2] resulted in an inability of the Plaintiff to prepare for his deposition, then-scheduled for September 27, 2021. (ECF 32). This request was denied. (ECF 34).

- In the October 1, 2021 status letter, Plaintiff indicated that he had served Defendant Alukal with a second set of Interrogatories focused on his surgical experience, in violation of Local Rule 33.3. (ECF 43). After Defendants objected to the request, Plaintiff's counsel asked the Court to order a deposition of Alukal's surgical experience. (ECF 43 at 5). This request was denied. (ECF 44).

- During the summer and fall of 2021, Plaintiff's counsel repeatedly sought a doppler image study—an ultrasound that is only saved on the particular machine that certain defendants used in Plaintiff's treatment over two years ago. *See* ECF 43 at 4 ("The Court is respectfully advised Plaintiff intends to move for factual and evidentiary sanctions if the [doppler] study is not timely produced."). Unhappy with Defendants' ability to retrieve the ultrasound at the height of the Delta surge, Plaintiff's counsel served discovery requests seeking to inspect the machine itself; sought documents and a 30(b)(6) deposition from all Defendants to address why Defendants had been unable to produce discovery; and sought another 30(b)(6) deposition on NYPH concerning a study that had not been

---

[2] This request was made when cases involving the Delta variant of the coronavirus pandemic were at an all-time high. *See* Amarjeet Singh, "Delta variant, a warning the COVID-19 virus is getting 'fitter and faster'" (July 30, 2021) available at: https://news.un.org/en/story/2021/07/1096792. ("Almost 4 million cases worldwide were reported last week to WHO and the agency expects the total number of cases to pass 200 million, in the next two weeks.").

2

- performed by any defendant. (ECF 62 at 2). Two days after a conference where the Court urged counsel to meet and confer to resolve the dispute in good faith, Plaintiff's counsel withdrew his requests. (ECF 64).

- On November 23, 2021, Plaintiff's counsel sought an "informal [O]rder setting a meet and confer conference" to manage "Bates stamp[ing] and organiz[ing] all medical records." (ECF 46 at 3). This request was denied on the Record.[3]

- Plaintiff's counsel requested that Defendants provide "all records for which NYPH is a custodian, regardless of whether they are records of the named parties, or the facilities where the events at issue occurred." (ECF 65 at 4). The Court encouraged the parties to meet and confer, and if the dispute was not resolved, to file a Motion to Compel or a Motion for a Protective Order. (ECF 66). On March 3, 2022, Defendants filed a Motion for a conference.

The Court construes Defendants' Motion for a conference as a Motion for a Protective Order, given the history of this case. For the reasons set forth below, Defendants' request is **GRANTED** as follows:

- Plaintiff's Notices of Deposition are **QUASHED** because the requests are not in compliance with Federal Rule of Civil Procedure 30 and are not proportional to the needs of the case.

- The Court questions the utility of metadata from Electronic Medical and Health Records in light of the records themselves noting the date and time of each entry. Defendants do not object to this request, but the Court does not see a basis for shortening the time for production.

Defendants' request to file a motion for fees and costs in accordance with Federal Rule of Civil Procedure 37(a)(5) is **GRANTED**.

---

[3] *See* December 2, 2021 Transcript at 17:16-20: "Okay . . . I don't give informal orders and . . . I don't order you other than what I've just been doing now is to meet and confer to resolve this. Um, why – why is this even an issue?".

## II. The Instant Dispute Concerns a 30(b)(6) Deposition Notice in Pursuit of Metadata Information.

In August 2021, Defendants provided Plaintiffs with Dr. Alukal and Nurse Rovano's treatment records.[4] (ECF 72). After 5pm on Friday, February 18, 2022, Plaintiff served Defendant NYPH with a Notice of Deposition pursuant to FRCP 30(b)(6). (ECF 69 at 1). The deposition was set to occur on Friday, February 25, 2022—4 business days later. (ECF 69 at 2). The Notice stated that the "general topic" of the deposition was the "existence, location, digital availability and production of EMR and EHR and more specifically, the existence, location and production of "metadata" related to defendants' "interactions" with the EMR. (ECF 69 at 1).

On February 21, 2022 (Presidents' Day), Plaintiff's counsel made a request for all EHR and EMR "interactions" in connection with Plaintiff, setting forth: (1) the location of the EHR/EMR interaction; (2) the date and time of the EHR/EMR interaction; (3) the type of EHR/EMR interaction; and (4) the EHR/EMR data and medical information entries, entry modifications, deletions, printings and viewings. (ECF 69-2). Plaintiff makes no representation as to why this information is necessary, or even relevant to his claims.[5] Plaintiff merely recites his claim that Defendant Alukal "failed to review and/or improperly reviewed and failed to interpret" medical records, and that this metadata will confirm that allegation. (ECF 70). Plaintiff's failure to articulate the need for this information is particularly concerning where Defendants already produced to Plaintiff records that show "the times and dates" of the

---

[4] Although the parties' papers are not clear, Defendants represent that they "provided Plaintiff with the [EMR] records of Dr. Alukal and Nurse Rovano's treatment." (ECF 72 at 2).

[5] Defendants represent that Plaintiff seeks the "audit trails" of these records, which are "chronological record[s] that provide a record of, among other events, who accessed an electronic medical record system, when they accessed it, from where, and what they did." (ECF 69 at 1).

medical providers' entries. (ECF 72). *See Aguilar v. Immigr. & Customs Enf't Div. of U.S. Dep't of Homeland Sec.*, 255 F.R.D. 350, 357 (S.D.N.Y. 2008) ("[I]f metadata is not sought in the initial document request, and particularly if the producing party already has produced the documents in another form, courts tend to deny later requests, often concluding that the metadata is not relevant.")

Twice, Plaintiff's counsel offered to withdraw the Notice of Deposition **if** Defendants agreed to shorten the time for the RFP of the EHR/EMR metadata to 15 days. (ECF 69 at 2-3).

### III.  Analysis

As an initial matter, Plaintiff's Notice did not provide reasonable notice of the deposition. Rule 30(b)(6) requires that a party who wants to depose a person by oral questions must give "reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). Particularly where there is no stated urgency, or well-articulated need for this information, this notice is unreasonable. *See Brockway v. VA Conn. Healthcare Sys*, No. 3:10-CV-719 (CSH), 2011 WL 1459592, at *3 (D. Conn. Apr. 15, 2011) (four days' notice of deposition rendered subpoenas unduly burdensome); *Protegrity Corp. v. Voltage Sec., Inc.*, 2013 WL 6880597, *2 (D. Conn. 2013) (finding a patentee's Rule 30(b)(6) deposition notice served four days before the close of fact discovery to be unreasonable).

The Court has previously voiced concerns "about proportionality and unnecessary motion practice," as it relates to Plaintiff's demands for additional records from NYPH (among other things). (ECF 66 at 9:4-23). The current issue before me epitomizes unnecessary motion practice. Plaintiff seeks—on an unreasonable timetable—depositions and documents that are substantively duplicative of what he already has. Plaintiff does this without any explanation of

5

how or why the metadata sought would be at all helpful or even relevant in proving his claims. It further concerns the Court that, over a period of **three days**, Plaintiff's counsel twice offered to withdraw the deposition Notices in exchange for expedited written discovery on the same subject.[6]

Discovery allows for parties to determine and share the relevant information in a litigation. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). "**Thus, the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues by overuse of discovery or unnecessary use of defensive weapons or evasive responses. All of this results in excessively costly and time-consuming activities that are disproportionate to the nature of the case, the amount involved, or the issues or values at stake**." Fed. R. Civ. P. 26(g), Notes of Advisory Committee on Rules—1983 Amendments (emphasis added). Plaintiff has repeatedly made discovery requests and sought Court intervention in a manner that has "needlessly increase[d] the cost of litigation," and has been "unduly burdensome or expensive, considering the needs of the case." Fed. R. Civ. P. 26(g).

**IV.   Conclusion**

For the above reasons, Defendants' Motion for a Protective Order is **GRANTED.** Plaintiff's request to set a firm date for the questioning of a NYPH 30(b)(6) witness is

---

[6] These litigation tactics are unjustifiable where the metadata Plaintiff seeks is better suited for electronic discovery, not depositions. Ralph Artigliere, et al., *Diagnosing and Treating Legal Ailments of the Electronic Health Record: Toward an Efficient and Trustworthy Process for Information Discovery and Release*, 18 Sedona Conf. J. 209 (2017) ("Depositions can be extensive and sometimes yield scant information about [electronic health records].").

accordingly **DENIED**, and Plaintiff's request to expedite Defendants' response to the RFPs is also **DENIED**. Defendants' request for leave to file a Motion for Fees and Costs is **GRANTED**.[7] The briefing schedule is as follows:

- Defendants' Motion for Fees and Costs is due March 25.
- Plaintiff's Opposition is due April 1, 2022.
- There shall be no replies.

The March 30, 2022 conference is adjourned *sine die*. One status letter on behalf of Plaintiff and one status letter on behalf of Defendants are to be filed by 5pm EDT on April 1, 2022.[8] The parties are directed **NOT** to respond to each others' status letters. The parties are further directed to file an updated proposed case management plan for all remaining discovery. The Clerk of Court is respectfully directed to close ECF 69, 71 and 72.

**SO ORDERED.**

Dated: March 18, 2022
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge

---

[7] Defendants may submit redacted exhibits (with an appropriate Motion to Seal to be filed) as necessary in support of his Motion.

[8] The fact that the Court has to order separate status letters – and with such specificity – is further indicative of the parties' inability to work together efficiently.