UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

KAMAL RAVIKANT,

                Plaintiff,

      -against-                            21-cv-4758 (GHW) (OTW)

CHRISTINE H. ROHDE, JOSEPH P. ALUKAL,
JARROD BOGUE, COLUMBIA DOCTORS
FACULTY PRACTICE GROUP OF THE COLUMBIA    **ORDER**
UNIVERSITY IRVING MEDICAL CENTER, THE
NEW YORK AND PRESBYTERIAN HOSPITAL,
JENNIE ROVANO, COLUMBIA DOCTORS
MEDICAL GROUP

                Defendants.

------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

      This medical malpractice case arises from adverse consequences in the days following Plaintiff's surgery on October 1, 2019. The named defendants in this case include medical doctors, nurses, major hospitals, and entities affiliated with those medical doctors. This case was referred to me for general pretrial management on May 30, 2021. On March 22, 2022, four days after I issued a decision resolving multiple discovery motions, Plaintiff filed a motion for recusal. (ECF 74-76.)[1]

---

[1] The Court notes that Plaintiff's motion for recusal links my spouse to me and discloses certain information about my spouse (through their linkage to me) that likely would be considered "covered information" in the Daniel Anderl Judicial Security and Privacy Act of 2021. S. 2340, 117th Cong. (2021). The motion for recusal gratuitously paid lip service to the notion of privacy by redacting only a picture of Dr. SL, while leaving repeated instances of "covered information" intact in the filing.

Plaintiff's counsel alleges the following facts in support of his motion for recusal under 28 U.S.C. §§ 455(a) and (b)(4):

- My spouse, Dr. SL, is "affiliated with" New York Presbyterian Medical Center ("NYP"), as are Drs. Rohde and Alukal, two of the individual defendants;

- Dr. SL and Drs. Rohde and Alukal are all faculty in some form at the same medical school (Dr. Alukal is identified as "adjunct" faculty, Dr. Rohde is identified as "Instructor in Clinical Surgery (Courtesy)"; Dr. SL is neither adjunct faculty nor an instructor in clinical surgery);

- Mr. Stein's "[r]esearch also revealed" that Dr. Alukal, Dr. SL and I received degrees at a university in common, "although during different years and schools [sic]."

(See ECF 75.)

These three facts are insufficient to meet the standard for recusal under 28 U.S.C. § 455(a) for the reasons stated in *Salazar v. United States*, No. 17-CV-3645, 2018 WL 2276163 (S.D.N.Y. May 16, 2018); *see also Murphy v. United States*, No. 13-CV-8114 (RJS), 2016 WL 6601554 (J. Sullivan) (denying recusal for "fail[ure] to articulate any bias or prejudice on the part of the undersigned with respect to his case – indeed, there is none – and merely makes conclusory assertions designed to disparage the Court and the judicial process"; collecting similar cases). Indeed, judges have denied recusal where the judges themselves were the individuals affiliated with the defendant institution as adjunct faculty. *See Sessoms v. Trustees of Univ. of Pa.*, No. 16-2954, 2017 WL 2242847 (E.D. Pa. May 23, 2017); *Medsense, LLC v. Univ. Sys. of Maryland*, No. 8:20-CV-892 (PWG) 2020 WL 3498084, at *2 (D. Md. June 29, 2020).

Plaintiff's argument also fails under § 455(b)(4) because he fails to articulate any "financial interest" in the controversy or in NYP, and because he also fails to show "any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C.

§ 455(b)(4). Plaintiff claims that Dr. SL is "directly affiliated" with NYP because Dr. SL performs surgeries in the "same surgical facility at issue in this case." (ECF 74 at 4.) The Complaint does not identify the surgical facility where Plaintiff alleges he was injured, however, and Plaintiff does not allege how, even if surgeries were performed in the same "facility,"[2] that fact could satisfy the requirements of §§ 455(b)(4) and 455(d)(4). Judge Cabranes highlighted the absurdity of this argument where, after perceived unfavorable discovery rulings, a plaintiff sought recusal due to his and his wife's affiliations with Yale:

> Plaintiff's theory of recusal is untenable because, among other things, its application leads to obviously absurd results. . . . Plaintiff's argument would require disqualification of a judge who is a Yale trustee or teacher or who is married to a Yale teacher in all cases where any Yale alumnus surfaces as a party or as an attorney, or perhaps even as a witness. The principle of plaintiff's argument would of course apply to *any* judge who serves, or who has a spouse who serves, *any* educational institution as a trustee or teacher.

*McCann v. Commc'ns Design Corp.*, 775 F. Supp. 1535, 1543 (D. Conn. 1991).

---

[2] NYP's website represents as follows:
> NewYork-Presbyterian is one of the nation's most comprehensive, integrated academic healthcare systems, encompassing 10 hospital campuses across the Greater New York area, more than 200 primary and specialty care clinics and medical groups, and an array of telemedicine services. With locations in Manhattan, Queens, Brooklyn, Westchester and Putnam Counties, we have leading specialists in every field of medicine that provide both high quality and convenient care to our patients."

NewYork-Presbyterian, *Our Locations*, available at: https://www.nyp.org/locations.

Similarly, Plaintiff has failed to articulate how Dr. SL or my family could have any other interest[3] that could be substantially affected by the outcome of the proceeding. Indeed, many courts in this circuit have found closer "affiliations" to be insufficient for recusal. *See, e.g. MDCM Holdings, Inc. v. Credit Suisse First Boston Corp.*, 205 F. Supp. 2d 158, 162-64 (S.D.N.Y. 2002) (analyzing stock ownership and requirements of § 455(b)(4)); *Commc'ns Design Corp*, 775 F. Supp. at 1538 ((denying recusal under § 455(b)(4) where judge was trustee of Yale University and judge's spouse was professor at Yale Law School, and where plaintiff alleged, "[t]hrough a series of unsupported and dubious assumptions," that defendant's parent company had made substantial financial gifts to Yale); *Canino v. Barclay's Bank, PLC*, No. 94 CIV. 6314 (SAS), 1998 WL 7219, at *4 (S.D.N.Y. Jan. 7, 1998) (finding recusal under § 455(b)(4) not necessary where judge's spouse was partner in law firm that had represented defendant in another matter).

Finally, I am a magistrate judge. For a case that has been referred to me for general pretrial purposes, I simply do not have the authority to issue any rulings that are case-dispositive. 28 U.S.C. § 636. My actions in this case can have no predictable direct or indirect financial effect on NYP, and I find that I have no financial or other interest that would require recusal under § 455(b)(4).

---

[3] Plaintiff also claims some inchoate "family benefits extended by Defendant New York Presbyterian Hospital to Attending Surgeons." [sic] (ECF 74 at 4.) Plaintiff does not define such "family benefits" nor does he describe how such "family benefits" might be substantially affected by the outcome of the litigation. *See McCann v. Commc'ns Design Corp.* at 1543 (noting only "remote and speculative possibility, if any, that a decision in this case will affect Yale in any way, financial or otherwise"); *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 777 (10th Cir. 2011) (finding the fact that a judge's spouse was of counsel to a law firm that had done unrelated work for a party in the litigation did not give the spouse or the judge "financial interest" in the outcome of the litigation); *United States ex rel. Weinberger v. Equifax, Inc.*, 557 F.2d 456, 463 (5th Cir. 1977), *cert. denied*, 434 U.S. 1035 (1978) (holding that a trial judge was not required to recuse himself where his son was an associate at the law firm representing the defendant because his son did not work on the matter and his salary interest was too remote to constitute a disqualifying "financial interest").

Accordingly, Plaintiff's motion for recusal is **DENIED**. The Clerk of Court is respectfully directed to close ECF 74 and ECF 76.

**SO ORDERED.**

Dated: May 17, 2022  　　　　　　　　　　　　　　　　　　　*s/ Ona T. Wang*
　　　　New York, New York  　　　　　　　　　　　　　　　　**Ona T. Wang**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge