UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

KAMAL RAVIKANT,

                       Plaintiff,

            -against-

JOSEPH P. ALUKAL, et al.

                       Defendants.

------------------------------------------------------------X

21-cv-4758 (GHW) (OTW)

**ORDER**

**ONA T. WANG, United States Magistrate Judge:**

The Court has reviewed Plaintiff's Notice of Intent to Reargue (ECF 77) and Motion for Reconsideration (ECF 79) of this Court's March 18, 2022 Order (ECF 73), and Defendants' Opposition (ECF 78).[1] The Court has also reviewed Plaintiff's "Supplemental Submission in Support of Motion for Reconsideration," or "Alternatively Motion for Relief Under Court's Inherent Power and FRCP 60(a)" (ECF 82), Defendants' Opposition (ECF 83), Plaintiff's Reply (ECF 84), and Defendants' Opposition. (ECF 85).

The Court's March 18 Order did two things: (1) it quashed a 30(b)(6) Deposition Notice that did not set a reasonable time for compliance; and (2) declined to expedite Defendants' production of certain metadata sought by Plaintiff. *See* ECF 73. Plaintiff contends that the six pages allotted to oppose Defendants' motion for protective order (ECF 70) and to cross-move

---

[1] The Court recognizes that ECF 78 was improperly filed. Defendants' later-filed opposition (ECF 83) addresses Plaintiff's arguments in ECF 79 and ECF 82.

to compel[2] (ECF 71) were insufficient for him to fully explain to the Court his need for expedited discovery.[3] For the reasons set forth below, Plaintiff's Motions for Reconsideration[4] and other relief are **DENIED**.

A motion for reconsideration is only appropriate when a court overlooks "controlling decisions or factual matters that were put before it on the underlying motion" and which, if examined, might reasonably have led to a different result. *Eisemann v.* Greene, *204* F.3d 393, 395 n.2 (2d Cir. 2000). Plaintiff does not allege that the Court has overlooked any controlling decisions or factual matters in declining to expedite a 30(b)(6) deposition and production of metadata. *See* ECF 73.

Rather, Plaintiff contends that the Court erred by issuing "dispositive orders based solely on three-page Letter Motion[s]." (ECF 79 at 1). Plaintiff then spends nearly twenty pages "examin[ing]" "five examples" in which the Court resolved other, prior discovery disputes in favor of Defendants.[5] (ECF 82). Plaintiff argues that the Court's discretionary rulings about the timing of discovery violated Plaintiff's due process.

As Plaintiff acknowledges, "a district court may construe a pre-motion conference letter as a motion itself." (ECF 79 at 2 (citing *StreetEasy, Inc. v. Chertok*, 730 F. App'x 4, 6 (2d Cir. 2008)). In determining whether a Court properly construed letters as a motion, courts consider

---

[2] Plaintiff's opposition (ECF 70) and cross-motion (ECF 71) are identical, except that Plaintiff added over 170 pages in exhibits to his cross-motion. (ECF 71-1, ECF 71-2, ECF 71-3, ECF 73-4). Defendants noted in their opposition that Plaintiff "never mentioned his intent to file a cross motion or separate letter motion" until after doing so. (ECF 72).
[3] Inexplicably, Plaintiff also sought a stay of discovery pending resolution of his motion for reconsideration. (ECF 77 at 2).

[4] Plaintiff's "Supplemental" submission (ECF 82) is untimely and without any law or precedent that would permit such a filing. Indeed, Plaintiff's counsel acknowledges there is "no authority" for this filing. (ECF 83-3 at 7).

[5] To the extent these references could be construed as motions for reconsideration of the prior orders, they are denied as untimely. *See* Local Rule 6.3.

whether the parties' filings are "sufficiently detailed" and whether the parties have had an opportunity to be heard. *See Lehmann v. Ohr Pharm., Inc.*, No. 20-4185-CV, 2021 WL 5986761, at *1 (2d Cir. Dec. 16, 2021). This Court has given Plaintiff ample opportunity to explain why he needs expedited metadata discovery and an urgent 30(b)(6) deposition.[6] Plaintiff does not raise any facts or law that the Court overlooked.

The Clerk of Court is respectfully directed to close ECF 79 and ECF 82.

**SO ORDERED.**

Dated: May 19, 2022
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge

---

[6] ECF 73 recounts the history of discovery disputes here. *See also* ECF 68.