# AARONSON RAPPAPORT
Aaronson Rappaport Feinstein & Deutsch, LLP

Nanor LT Bahadurian
Phone (212) 593-1250
Fax (212) 593-6970
nltbahadurian@arfdlaw.com

August 5, 2022

Hon. Magistrate Judge Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    KAMAL RAVIKANT v. CHRISTINE H. ROHDE, MD., et al.
            Civil Action No: 21-CV-4758

Dear Judge Wang:

We represent the Defendants in the above-referenced matter. A joint status letter was due to the Court in this case on Thursday, August 4, 2022. It came to our attention this morning that the joint status letter filed yesterday by plaintiff's office was errantly not the final version agreed upon. (Doc. No. 94). Kindly accept the parties' joint status letter attached herewith in lieu. We apologize for any inconvenience to the Court.

Thank you in advance for your courtesies.

Respectfully submitted,

*Nanor LT Bahadurian*

Nanor LT Bahadurian
NLT\nlt

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

KAMAL RAVIKANT,

                           **Plaintiff,**

  - against -

CHRISTINE H. ROHDE, M.D., JOSEPH P. ALUKAL, M.D., JARROD BOGUE, M.D., COLUMBIA DOCTORS FACULTY PRACTICE GROUP OF THE COLUMBIA UNIVERSITY IRVING MEDICAL CENTER AND THE NEW YORK AND PRESBYTERIAN HOSPITAL,

                           **Defendants.**

---------------------------------------------------------------- x

JOINT SUBMISSION OF STATUS LETTER

Civil Action No. 21-CV-04758

Hon. Magistrate Judge Ona T. Wang

Date: August 3, 2022

Dear Hon. Magistrate Judge Wang:

We the undersigned represent Plaintiff and Defendants in the above referenced action. This joint status letter is filed pursuant to the directives of the Court's July 13, 2022 Order (ECF Doc. No. 93). Previously, the parties submitted an eleven-page joint status letter on July 8, 2022 (ECF Doc. No. 93), regarding outstanding discovery issues in this action, which is incorporated in its entirety by reference herein. Based upon review of this joint status letter, this Court issued its July 13, 2022 Order (ECF Doc. No. 93) (hereinafter, the "July 13, 2022 Order").

Per the July 13, 2022 Order, the Court directed plaintiff to produce full and complete copies of all employment and tax records from 2015 to the present. Plaintiff has advised the Defendants that they have complied with this directive by their transmittal of documents to the Defendants, in the late evening of August 2, 2022. As these documents were only recently produced to the Defendants, at the time of this correspondence, review by the Defendants of these records is ongoing to ensure that the production is complete.

Per the July 13, 2022 Order, the Court further ruled as follows:

> Defendants' remaining discovery requests are overbroad. The parties are directed to meet and confer to discuss time, volume, and subject matter and/or search term limitations on RFPs 20, 22, 45, 121, 123, and 124. The parties are directed to file a joint status letter on August 4, 2022, outlining the narrowed scope of discovery, and agreeing on a timeline for the production of the same.

The referenced RFPs 20, 22, 45, 121, 123, and 124 of the Defendants specifically requested as follows:

1

>**RFP 20:** Any documents or communications regarding Evolve I.
>**RFP 22:** Any documents or communications to, from, or regarding any investor, potential investor, partner, limited partner, associate, advisor, employee, consultant, independent contractor, volunteer involved or associated with Evolve I.
>**RFP 45:** Any documents or communications to, from or regarding any investor, potential investor, partner, limited partner, associate, advisor, employee, consultant, independent contractor, volunteer involved or associated with Evolve II.
>**RFP 121**: Any emails sent by you between October 1, 2019 and October 31, 2020.
>**RFP 123:** Any messages sent by you on any social media platform between October 1, 2019 and October 31, 2020;
>**RFP 124**: Any messages received by you on any social media platform between October 1, 2019 and October 31, 2020.

As a result of the Court's July 13, 2022 directive, the Defendants proposed that the RFPs be narrowed in scope as follows:

> Any and all documents, communications, emails, social media messages and/or postings prepared, sent, received, and/or posted by the plaintiff relating to any employment, investments, podcasts he engaged in or was considering engaging in, books he authored or was working on, and any other type of business venture from October 1, 2019 through October 31, 2020.

Plaintiff however rejected this, and instead maintained that all relevant materials have been produced. The parties were therefore unfortunately unable to reach a consensual resolution of this outstanding discovery dispute. The respective positions of the parties are set forth in more detail below.

**Defendants Position**
Plaintiff brings a significant lost earnings claim in this medical malpractice action, upwards of $10 million plus, alleging he lost earnings due to an inability to work/engage in business ventures, from October 1, 2019 through October 31, 2020.

In order to evaluate this claim, the Defendants must be able to review communications that the plaintiff was having during this period of time to assess the credibility of the claim and the plaintiff's abilities during this approximately one (1) year period of time. For this reason, the Defendants requested documents, communications, emails, and social media messages/postings of the plaintiff during this limited period of time at issue.

As a result of the Court's directive to narrow the scope of these Requests and in efforts to consensually resolve this outstanding issue, the Defendants significantly narrowed the scope of their requests by limiting the materials sought to five (5) distinct categories focused upon known areas of work of the plaintiff per discovered information as well as any other area of work that has not yet been disclosed to the Defendants, if any.

2

Again, this narrowed request seeks documents, communications, emails, social media messages and/or postings prepared, sent, received, and/or posted by the plaintiff relating to any employment, investments, podcasts he engaged in or was considering engaging in, books he authored or was working on, and any other type of business venture from October 1, 2019 through October 31, 2020. To be clear and contrary to plaintiff's understanding of the Defendants' position, Defendants are not claiming that plaintiff's counsel has not provided us the Defendants with financial information relating to his investments. The information responsive to this specific and narrow request has not been provided, and is necessary to evaluate the plaintiff's business dealings and capabilities during the period at issue – to assess the credibility of his significant lost earnings claim in this action relating to a purported inability to work during the approximate one (1) year period at issue.

Notably, plaintiff did not dispute that he has been involved in investing, leading podcasts, and authoring books amongst other employment and business ventures. Nor did he dispute that such information is relevant to a lost earnings claim. Yet, plaintiff still would not agree to respond to this narrowed discovery request and merely indicated in a conclusory fashion that all responsive materials have been provided to the Defendants.

Even more unexplainably, plaintiff threatened the Defendants with an FRCP Rule 37 motion seeking sanctions if Defendants proceeded with seeking this discovery. Yet, it is the plaintiff who is unjustifiably resisting discovery that is material and relevant to the Defendants' evaluation of the plaintiff's significant claims. Indeed, not only did Defendants narrow the scope of the request, but also offered to provide the plaintiff with search term limitations to further assist with the Request. Plaintiff was however not interested. The Defendants will also accept an authorization for full access to the plaintiff's social media account to comply with this request as well.

Unfortunately, the parties have been unable to reach a consensual resolution of this outstanding discovery issue. The Defendants therefore respectfully request that the Court issue an Order directing plaintiff to produce the materials responsive to this narrowed request, or set a briefing schedule permitting the Defendants to file a formal motion compelling production of this discovery.

**Plaintiff's Position**

Mr. Ravikant produced all of his tax returns filed from 2015 to the present, as ordered by the court. Counsel for both sides met and conferred via Zoom conference as directed by the court. Defense counsel was unable to identify any particular information Defendants believe they need, in addition to the more than 400,000 pages of documents[1] produced which give a full and complete picture of Mr. Ravikant's income, his business, his venture funds, and his investors, as well as all details regarding his medical treatment and substantial data about his emotional and mental distress.

Mr. Ravikant has produced all documents in his possession related to his claim for economic damages. This includes all accounting and communications records for his venture capital businesses before, during and after Defendants caused his physical injuries, including his personal

---

[1] See exhibit A attached hereto the complete index of documents produced by Plaintiff.

and business calendars. That production is fully compliant with Defendants' entitlement to discover this information. Defendants have previously identified only two discreet categories of documents they think they should receive: (1) hundreds of non-substantive transmittal letters to investors (Plaintiff submitted 11 examples which contain no discoverable or relevant information) and (2) an untold number of direct messages on social media from fans of Mr. Ravikant's writings[2] that shed no light on his lost income claim or his physical injuries. Defense counsel has failed to explain to anyone why these documents are relevant or even useful to Defendants' case.

Rather than continue to delay the entirety of the deposition process, with thousands of documents at its disposal, Defense counsel should now follow the normal course of action and ask Mr. Ravikant at deposition about the documents received, how he maintained and retrieved the records and any other questions about his business, his health and his claims.

Plaintiff's counsel met and conferred with Mr. Andrew Benard for more than nine months and reached numerous agreements resulting in additional productions, including every document from his current and previous venture funds which contains information about the investors, the investments and his substantive communications, including information from the current quarter. He has produced calendars for every day for the agreed upon period. He has produced emails, direct messages and texts for the same period. A spreadsheet detailing the voluminous, detailed production has been provided Defendants, showing each bates stamped numbered document responsive to the _117_ categories of documents requested, more than 400,000 pages in all.

Mr. Benard has left defendants' law firm employ on July 12, and during the most recent meet and confer his replacement counsel did not address the detailed agreements reached between counsel, which took place during the course of the past six (6) months in many emails, phone calls and letter exchanges. During that time (as reflected on exhibit A) Mr. Ravikant made seven (7) separate productions, the last six as a consequence of compromises between counsel.

Defendant's newly proffered re-definition of its prior overbroad requests is not useful, because Mr. Ravikant has already produced all of the relevant documents concerning his income and businesses, including access to every publication he has made in his writing and podcast activities. The documentation showing the lengthy meet and confer process is too voluminous to reference in this report. Requiring production of every communication and document connected with Mr. Ravikant's podcast or publishing activities over a period of years will not produce any proportionate relevant evidence. Defendants have the complete income picture for every dollar earned by Mr. Ravikant before and after the period of his injuries and incapacity, as well as detailed records of how his venture business was interrupted and how it is doing ever since.

At this juncture Mr. Ravikant's document discovery is complete. It is now time to proceed to the depositions which Defendants have been avoiding, so discovery can be completed.

Thank you in advance for your courtesies.

---

[2] Mr. Ravikant provided access to every podcast and publication stored on the Internet.

4

        Respectfully submitted,

**Aaronson Rappaport Feinstein and Deutsch, LLP by:**
s/Nanor LT Bahadurian
Attorneys for Defendants
600 Third Ave, 5th Floor
New York, NY 10016
(212) 593-1250
nltbahadurian@arfdlaw.com

**Vasquez Benisek & Lindgren**
s/ **Richard C. Vasquez**
Attorneys for Plaintiff
1550 Parkside Drive, Suite 130
Walnut Creek, CA 94596
(925) 627-4250
rvasquez@vbllaw.com