UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAMAL RAVIKANT,<br><br>       Plaintiff,<br><br>v.<br><br>CHRISTINE H. ROHDE, M.D., JOSEPH P. ALUKAL, M.D., COLUMBIA DOCTORS FACULTY PRACTICE GROUP OF THE COLUMBIA UNIVERSITY IRVING MEDICAL CENTER AND THE NEW YORK AND PRESBYTERIAN HOSPITAL,<br><br>       Defendants. | Case No. 21-cv-04758-DEH-OTW<br><br><u>**NOTICE OF MOTION**</u> |

**PLEASE TAKE NOTICE THAT**, upon the annexed Memorandum of Law and Local Rule 56.1 Statement of Material Facts, and accompanying exhibits, and upon all prior pleadings and proceedings heretofore had herein, Defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL (hereinafter "NYPH" or the "Defendant"), will move for summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure before the Honorable Dale E. Ho, United States District Judge, Southern District of New York, 500 Pearl Street, New York, as per the Court's October 9, 2025 Memo Endorsement (ECF No. 165), with responses due by January 23, 2026 and replies due by February 23, 2026, and for such further relief as the Court deems just and proper.

Dated: New York, New York
December 16, 2025

                                            Respectfully submitted,

                                            */s/ Nanor LT Bahadurian*
NANOR LT BAHADURIAN (7671)
AARONSON RAPPAPORT
FEINSTEIN & DEUTSCH, LLP
Attorneys for Defendant
THE NEW YORK AND
PRESBYTERIAN HOSPITAL
600 Third Avenue
New York, New York 10016
(212) 593-6700

**TO:**    **VIA ECF**
VASQUEZ BENISEK & LINDGREN LLP
Attorneys for Plaintiff
KAMAL RAVIKANT,
1550 Parkside Drive, Suite 130
Walnut Creek, CA 94596
Email: rvasquez@vbllaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2025, I caused a copy of the foregoing Defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL's Notice of Motion for Summary Judgment Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure to be electronically filed with the Clerk via CM/ECF.

Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's CM/ECF system.

*/s/ Nanor LT Bahadurian*
NANOR LT BAHADURIAN (7671)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAMAL RAVIKANT,

        Plaintiff,

        v.

CHRISTINE H. ROHDE, M.D., JOSEPH P. ALUKAL, M.D., COLUMBIA DOCTORS FACULTY PRACTICE GROUP OF THE COLUMBIA UNIVERSITY IRVING MEDICAL CENTER AND THE NEW YORK AND PRESBYTERIAN HOSPITAL,

        Defendants.

Case No. 21-cv-04758

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT FOR DEFENDANT THE NEW YORK AND PRESBYTERIAN HOSPITAL**

        AARONSON RAPPAPORT
        FEINSTEIN & DEUTSCH, LLP
        600 Third Avenue
        New York, New York 10016
        (212) 593-6700
        *Attorneys for Defendant*
        *The New York and Presbyterian Hospital*

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................... iii
**TABLE OF EXHIBITS** ........................................................................................................... iv
**PRELIMINARY STATEMENT** .............................................................................................. 1
**STATEMENT OF FACTS** ....................................................................................................... 1
**LEGAL STANDARD** .............................................................................................................. 1
**ARGUMENT** ............................................................................................................................ 2
**CONCLUSION** ........................................................................................................................ 6

# **TABLE OF AUTHORITIES**

**Cases**

*Amitrano v. Lorich,* 2025 N.Y. Misc. LEXIS 591 (New York County Supreme, January 29, 2025) ............................................................................................................................................ 5

*Bing v. Thunig,* 2 N.Y.2d 656 (1957) ............................................................................................ 4

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) ............................................................................. 2

*Dragotta v. Southampton Hosp.,* 39 A.D.3d 697 (2nd Dept. 2007) ............................................... 5

*Fiorentino v. Wenger,* 19 NY2d 407 (1967) ................................................................................. 4

*Geonaga v. March of Dimes Birth Defects Found.,* 51 F.3d 14 (2d Cir. 1995) ............................ 2

*Giambona v. Hines,* 104 A.D.3d 807 (2nd Dept. 2013) ................................................................. 5

*Haq v. N.Y. Presbyterian Hosp. Cornell Med. Ctr.,* 2001 U.S. Dist. LEXIS 16109 (S.D.N.Y. 2001) ............................................................................................................................................ 5

*Hill v. St. Clare's Hosp.,* 67 N.Y.2d 72 (N.Y. 1986) ..................................................................... 5

*Judith M. v. Sisters of Charity Hosp.,* 93 N.Y. 2d 932 (N.Y. 1999) .............................................. 3

*Marinelli v. Markus-Sullivan,* 2025 N.Y. Misc. LEXIS 6351 (New York County Supreme, July 24, 2025) ................................................................................................................................... 5

*McDermott v. Torre,* 56 N.Y.2d 399 (1982) ................................................................................. 4

*Mondello v. N.Y. Blood Ctr.*, 80 N.Y.2d 219 (1992) .................................................................... 4

*Ongley v. St. Lukes Roosevelt Hosp. Ctr.,* 725 F. App'x 44 (2nd Cir. 2018) .................................. 3

*Ruane v. Niagara Falls Mem. Med. Center,* 60 N.Y.2d 908 (1983) .............................................. 4

*Sitts v. United States,* 811 F.2d 736 (2d Cir. 1987) ...................................................................... 2

*Topel v. Long Is. Jewish Med. Center,* 55 N.Y.2d 682 (1981) ...................................................... 4

**Statutes**

Fed. R. Civ. P. 56(a) ................................................................................................................. 1, 2

## **TABLE OF EXHIBITS**

Exhibit A.   Declaration of Chastity Cruz

Exhibit B.   Dr. Alukal Office Records

Exhibit C.   Dr. Rohde Office Records

Exhibit D.   NYPH Records

Exhibit E.   Plaintiff's Deposition Transcript

Exhibit F.   Dr. Alukal Deposition Transcript

Exhibit G.   Dr. Rohde Deposition Transcript

Exhibit H.   Stipulation of Discontinuance of Dr. Bogue

Exhibit I.   Stipulation of Discontinuance of RN Rovano

Exhibit J.   Plaintiff's Expert Report of Urology/Sexual Medicine Physician, Dr. Goldstein

Exhibit K.   Plaintiff's Expert Urology/Sexual Medicine Physician, Dr. Goldstein's, Deposition Transcript

Defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL ("NYPH" or the "Defendant") respectfully submits this memorandum of law in support of its motion for summary judgment.

## PRELIMINARY STATEMENT

This motion solely concerns summary judgment dismissal for institutional defendant NYPH. Neither claims of direct liability nor vicarious liability persist against NYPH, and summary judgment is accordingly warranted as further explained below.

This is a medical malpractice action concerning a penile revascularization surgery performed at NYPH on October 1, 2019, by Defendant urologist DR. ALUKAL and Defendant plastic surgeon/microsurgeon DR. ROHDE. Discovery has now been completed and has revealed that the sole claims the plaintiff is pursuing in this action are against DR. ALUKAL and DR. ROHDE only. Significantly, neither DR. ALUKAL nor DR. ROHDE are employees of NYPH. Nor did NYPH assign either DR. ALUKAL or DR. ROHDE to the plaintiff for any treatment or care. Rather, both DR. ALUKAL and DR. ROHDE were the plaintiff's private physicians, who the plaintiff selected to perform his October 1, 2019 surgery.

For these reasons further explained below, summary judgment is warranted for Defendant NYPH.

## STATEMENT OF FACTS

In accordance with Local Civil Rule 56.1, a Statement of Material Facts is simultaneously being submitted herewith, and is incorporated in its entirety herein.

## LEGAL STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure states that a court shall grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the

1

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if [it] can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Geonaga v. March of Dimes Birth Defects Found.,* 51 F.3d 14, 18 (2d Cir. 1995) (*citing Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986)).

## ARGUMENT

There is no basis to maintain NYPH in this action, as no claims of direct liability or vicarious liability persist against it, as further explained below.

Following completion of factual discovery, the plaintiff exchanged the report of his expert urologist/sexual medicine physician, Dr. Ira Goldstein. (EX. "J"). This expert report lays out the specific allegations that the plaintiff is pursuing in this matter. (*Id.*) Notably, the entirety of the plaintiff's expert report is focused upon the purported departures of Defendants, urologist DR. ALUKAL and plastic surgeon/microsurgeon DR. ROHDE, concerning particularly pre-operative decision-making, performance of the October 1, 2019 penile revascularization surgery, and performance of the October 2, 2019 repair surgery. (*Id.*) Plaintiff's expert notably did not advance any purported departure against any other individual, i.e. any Hospital employee. (*Id.*) In fact, plaintiff himself voluntarily discontinued defendant Hospital employees, resident Dr. Jarrod Bogue and Nurse Jennie Rovano, R.N., from this action before any expert discovery was exchanged. (EXs. "H" and "I").

This is significant as "[i]t is well established in New York law that unless the alleged act of malpractice falls within the competence of a lay jury to evaluate, it is incumbent upon the plaintiff to present expert testimony in support of the allegations to establish a *prima facie* case of malpractice." *Sitts v. United States,* 811 F.2d 736, 739 (2d Cir. 1987) (internal quotation marks

and citation omitted); *see also Ongley v. St. Lukes Roosevelt Hosp. Ctr.,* 725 F. App'x 44, 46-47 (2nd Cir. 2018)("The plaintiff must present expert testimony and the expert's opinion must demonstrate the requisite nexus between the malpractice allegedly committed and the harm suffered.") This case involving a complex penile revascularization surgery is certainly not one that falls within the competence of a lay jury to evaluate, and expert testimony is necessary to support any alleged act of malpractice. (*Id.*) Since plaintiff's expert, Dr. Goldstein, by his expert report (EX. "J") as well as his deposition testimony (EX. "K"), solely advanced departures against DR. ALUKAL and DR. ROHDE, they are the only individuals against whom allegations persist in this case.

This is significant as neither DR. ALUKAL nor DR. ROHDE was employed by NYPH during the relevant period in 2019 to present. As such, the doctrine of *respondeat superior* would not apply to maintain NYPH in this action. *See e.g. Judith M. v. Sisters of Charity Hosp.,* 93 N.Y. 2d 932, 933 (N.Y. 1999)(explaining that the doctrine of *respondeat superior* generally renders an employer vicariously liable for torts committed by an employee acting within the scope of employment). The lack of an employment relationship between NYPH and DR. ALUKAL and DR. ROHDE is confirmed by Chastity Cruz, a Senior Human Resources Business Partner of NYPH, in her supporting declaration submitted simultaneously herewith. (EX. "A"). Ms. Cruz affirmed that neither DR. ALUKAL nor DR. ROHDE was an employee of NYPH during the relevant period in 2019 to present, nor did either receive any payroll from NYPH during the relevant period in 2019 to present. (*Id.* at ¶¶3-4). Rather, DR. ALUKAL and DR. ROHDE only had attending and surgical privileges at NYPH in 2019 to present.

Furthermore, NYPH did not assign either DR. ALUKAL or DR. ROHDE to the plaintiff for any treatment or care. Rather, both DR. ALUKAL and DR. ROHDE were the plaintiff's private

3

physicians. Indeed, plaintiff saw both DR. ALUKAL and DR. ROHDE in their offices pre-operatively before any surgery was performed at NYPH. (*See* EXs. "B" and "C"). As plaintiff himself chose to proceed with the penile revascularization surgery with DR. ALUKAL and DR. ROHDE, NYPH cannot be held vicariously liable for the actions of DR. ALUKAL or DR. ROHDE as NYPH did not assign either of them to the plaintiff in this case. Simply, the plaintiff's NYPH hospital admission for his penile revascularization surgery was not the source of the plaintiff's physician-patient relationship with either DR. ALUKAL or DR. ROHDE, but merely ancillary to it. It simply cannot be disputed that the private physician-patient relationship between the plaintiff and DR. ALUKAL and DR. ROHDE was established before and outside the October 1, 2019 NYPH Hospital admission for surgery.

As explained by the New York Court of Appeals, "[a]lthough a hospital or other medical facility is liable for the negligence or malpractice of its employees [(*citing Bing v. Thunig,* 2 N.Y.2d 656 (1957))], that rule does not apply when the treatment is provided by an independent physician, as when the physician is retained by the patient himself [(*citing Fiorentino v. Wenger,* 19 NY2d 407, 414 (1967); *see, Topel v. Long Is. Jewish Med. Center,* 55 N.Y.2d 682, 683 (1981)] … ." "Nor is affiliation of a doctor with a hospital or other medical facility, not amounting to employment, alone sufficient to impute the doctor's negligent conduct to the hospital or facility [*citing Ruane v. Niagara Falls Mem. Med. Center,* 60 N.Y.2d 908 (1983); *McDermott v. Torre,* 56 N.Y.2d 399 (1982)]. "The relationship between an independent physician and the hospital does not thrust vicarious liability on the hospital for all the actions of the doctor." *Mondello v. N.Y. Blood Ctr.*, 80 N.Y.2d 219, 228 (1992); *see also Ruane v. Niagara Falls Memorial Medical Center,* 60 N.Y.2d 908 (1983).

Further exemplary are a number of other cases where The New York and Presbyterian Hospital in particular was dismissed from an action for precisely these reasons. In *Haq v. N.Y. Presbyterian Hosp. Cornell Med. Ctr.,* 2001 U.S. Dist. LEXIS 16109 (S.D.N.Y. 2001), for instance, the court held that the New York Presbyterian Hospital could "not be held vicariously liable for treatment administered by a private attending physician, especially when plaintiff sought the services of specific doctors and not the services of the hospital itself" *citing Hill v. St. Clare's Hosp.,* 67 N.Y.2d 72 (N.Y. 1986). Likewise, in *Marinelli v. Markus-Sullivan,* 2025 N.Y. Misc. LEXIS 6351 (New York County Supreme, July 24, 2025), New York Presbyterian-Brooklyn Methodist Hospital was granted summary judgment where the defendant OB/GYNs were private providers of the plaintiff's choosing, and not employees of the hospital. The *Marinelli* court explained that "[a] hospital will not be held vicariously liable for the actions of a patient's private medical provider, where the patient was admitted by a physician of their choosing and did not come to the emergency room seeking treatment from the hospital." *Marinelli,* 2025 N.Y. Misc. LEXIS 6351, at *9 *citing Giambona v. Hines,* 104 A.D.3d 807 (2nd Dept. 2013); *Dragotta v. Southampton Hosp.,* 39 A.D.3d 697 (2nd Dept. 2007). Further, in *Amitrano v. Lorich,* 2025 N.Y. Misc. LEXIS 591 (New York County Supreme 2025), the court held that The New York Presbyterian Hospital could not be held vicariously liable where the hospital demonstrated that the defendant physician was the plaintiff's private attending physician who merely had admission and surgical privileges at the hospital, and thus was not the physician's employer.

These are likewise the circumstances here, and summary judgment is warranted for NYPH.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that this Court grant Defendant NYPH's herein motion for summary judgment, and for such other and further relief as this Court deems just, equitable and proper.

Dated: New York, New York
December 15, 2025

Respectfully submitted,

*/s/ Nanor LT Bahadurian*
Nanor LT Bahadurian
NANOR LT BAHADURIAN (NT7671)
AARONSON RAPPAPORT
FEINSTEIN & DEUTSCH, LLP
Attorneys for Defendants
CHRISTINE H. ROHDE, M.D., JOSEPH P. ALUKAL, M.D., COLUMBIA DOCTORS FACULT PRACTICE GROUP OF THE COLUMBIA UNIVERSITY IRVING MEDICAL CENTER AND THE NEW YORK AND PRESBYTERIAN HOSPITAL
600 Third Avenue
New York, NY 10016
(212) 593-6700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAMAL RAVIKANT,

                Plaintiff,

        v.                                    Case No. 21-cv-04758

CHRISTINE H. ROHDE, M.D., JOSEPH P. ALUKAL, M.D., COLUMBIA DOCTORS FACULTY PRACTICE GROUP OF THE COLUMBIA UNIVERSITY IRVING MEDICAL CENTER AND THE NEW YORK AND PRESBYTERIAN HOSPITAL,

                Defendants.

## LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS

1. On August 9, 2019, the plaintiff initially presented to urologist DR. ALUKAL's office, with complaints of several years of erectile dysfunction. (EX. "B" at p. 19). Treatment options, including but not limited to penile revascularization surgery, were discussed at this visit. (*Id.*)

2. On August 16, 2019 and September 3, 2019, the plaintiff followed up with DR. ALUKAL again in his office, and treatment options were further discussed. (*Id.* at pp. 17-18).

3. On September 24, 2019, the plaintiff initially visited plastic surgeon/microsurgeon DR. ROHDE at her office, at the referral of DR. ALUKAL. (EX. "G" at pp. 41-42). The plan was for penile revascularization in conjunction with DR. ALUKAL. (*Id.* at p. 41). DR. ROHDE indicated that she would coordinate with DR. ALUKAL regarding when the surgery would proceed. (*Id.*)

1

4.      On October 1, 2019, the plaintiff presented to NYPH to undergo the penile revascularization procedure with DR. ALUKAL and DR. ROHDE. (EX. "D" at pp. 16, 75-77). Resident Dr. Bogue was present in the Operating Room for the procedure as well. (*Id.* at p. 75).

5.      Dr. Bogue was voluntarily discontinued from this action by the plaintiff by Stipulation dated October 27, 2023 (ECF No. 118). (EX. "H").

6.      The following morning on October 2, 2019, DR. ROHDE brought the plaintiff back to the Operating Room for evacuation of a hematoma after a scrotal bleed was discovered. (EX. "D" at pp. 103-104). RN Rovano was a nurse attending to the plaintiff that morning. (*Id.* at p. 119). DR. ALUKAL was contacted about the complication, and also later joined in the Operating Room. (EX. "F" at pp. 123, 143, 206). Resident Dr. Bogue was also present. (EX. "D" at p. 103). Evacuation of hematoma and penile revascularization with a saphenous vein graft were performed. (*Id.*)

7.      RN Rovano was voluntarily discontinued from this action by the plaintiff by Stipulation dated October 27, 2023 (ECF No. 134). (EX. "I").

8.      The plaintiff was discharged from NYPH on October 7th. (EX. "D" at p. 174).

Dated: New York, New York
       December 15, 2025

Respectfully submitted,

*/s/ Nanor LT Bahadurian*
Nanor LT Bahadurian
NANOR LT BAHADURIAN (NT7671)
AARONSON RAPPAPORT
FEINSTEIN & DEUTSCH, LLP
Attorneys for Defendant
THE NEW YORK AND PRESBYTERIAN HOSPITAL
600 Third Avenue
New York, NY 10016
(212) 593-6700