UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAMAL RAVIKANT,

                              Plaintiff,

        v.

CHRISTINE H. ROHDE, MD et al.,

                              Defendants.

21 Civ. 4758 (DEH) (OTW)

**MEMORANDUM
OPINION AND ORDER**

DALE E. HO, United States District Judge:

Before the Court is Plaintiff Kamal Ravikant's ("Plaintiff" or "Mr. Ravikant") Motion for

Reconsideration of this Court's Opinion and Order, ECF No. 161 (the "*Daubert* Order"), adopting

in part Magistrate Judge Wang's Report and Recommendation, ECF No. 157 (the "R. & R."), to

the extent that the *Daubert* Order did not adopt the portion of the R. & R. holding that the testimony

of Mr. Ravikant's economic experts was admissible, and instead ordered that such testimony be

excluded.  See Mot. for Recons., ECF No. 164.  For the reasons stated below, Mr. Ravikant's

Motion for Reconsideration is **DENIED.**

## LEGAL STANDARDS

### I.    Motion for Reconsideration

"A motion for reconsideration is an extraordinary request that is granted only in rare

circumstances, such as where the court failed to consider evidence or binding authority." *Van*

*Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).[1]  "[T]he . . . standard for a

district court to grant such a motion is strict, and reconsideration will generally be denied unless

---

[1] All references to Rules, unless otherwise stated, are to Federal Rules of Civil Procedure.
In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation
marks, and ellipses, unless otherwise indicated.

the moving party can point to controlling decisions or data that the court overlooked and might reasonably be expected to alter the conclusion reached by the court." *Smith v. CVS Albany, LLC*, No. 20 Civ. 4000, 2022 WL 3022526, at *1 (2d Cir. Aug. 1, 2022).  Courts also grant reconsideration to "correct a clear error or prevent manifest injustice." *Schoolcraft v. City of New York*, 298 F.R.D. 134, 136 (S.D.N.Y. 2014).  That said, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021).

## II.    Standard of Review for a Report and Recommendation

When reviewing a Report and Recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The standard of review that a district court applies to a magistrate judge's order "depends on whether the issue decided by the magistrate judge is dispositive or nondispositive." *Pac. Life Ins. Co. v. Bank of N. Y. Mellon*, 571 F. Supp. 3d 106, 111 (S.D.N.Y. 2021) (quoting *Blackrock Allocation Target Shares: Series S. Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14 Civ. 10067, 2018 WL 3863447, at *3 (S.D.N.Y. Aug. 13, 2018)); *see also Kiobel v. Millson*, 592 F.3d 78, 106 (2d Cir. 2010) (Jacobs, J., concurring).  While dispositive orders are subject to *de novo* review where a party timely objects, a district court may only "modify or set aside any part of [a non-dispositive] order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(A); *see also* 28 U.S.C. § 636(b)(1)(A).

"The decision to admit or exclude expert testimony is considered nondispositive of an action." *Pac. Life Ins. Co.*, 571 F. Supp. 3d at 112 (quoting *Sansalone v. Bon Secours Charity Health Sys.*, No. 05 Civ. 8606, 2009 WL 1649597, at *1 (S.D.N.Y. June 11 2009) (collecting

2

cases)); *see also Israel v. Springs Indus., Inc.*, No. 98 Civ. 5106, 2007 WL 9724896, at *2 (E.D.N.Y. July 30, 2007) (noting that magistrate judge's *Daubert* ruling was "nondispositive" of the litigation).

Clear error is present when, "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted). "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure[.]'" *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (first alteration in original) (citation omitted). The standard of review is "highly deferential," *id*. at 511, as a "party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *U2 Home Ent., Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007).

### III.    Admissibility of Expert Opinion Testimony

The district court is "the ultimate 'gatekeeper'" of expert testimony, *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007), and must ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable," *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). The court must determine the admissibility of expert opinion testimony under Rule 702 of the Federal Rules of Evidence, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

3

In assessing reliability, a court should consider, among other factors, (1) whether the expert's theory "can be (and has been) tested;" (2) whether the theory "has been subjected to peer review and publication;" (3) the "known or potential rate of error;" (4) whether the theory has "widespread acceptance," (5) whether an expert's opinion was developed for litigation, and (6) whether the expert has accounted adequately for obvious alternative explanations. *See, e.g.*, *In re Rezulin Prods. Liab. Litig.*, 369 F. Supp. 2d 398, 420 (S.D.N.Y. 2005).

"The proponent of the testimony has the burden to show that it is relevant and reliable and must do so by a preponderance of the evidence." *Faulkner v. Nat'l Geographic Soc'y*, 576 F. Supp. 2d 609, 619 (S.D.N.Y. 2008). If an expert opinion is based on "data, a methodology, or studies that are simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 266 (2d Cir. 2002). Nevertheless, the court should apply "a presumption of admissibility of evidence," *Borawick v. Shay*, 68 F.3d 597, 610 (2d Cir. 1995); thus, "[i]n a close case, a court should permit the testimony to be presented at trial, where it can be tested by cross-examination and measured against the other evidence in the case," *Lippe v. Bairnco Corp.*, 288 B.R. 678, 700 n.6 (S.D.N.Y. 2003).

## DISCUSSION

Familiarity with the factual background and relevant procedural history of this case as set forth in the R. & R. and the *Daubert* Order is assumed. *See* R. & R. at 1-3. Much of Mr. Ravikant's brief on this motion is dedicated to re-litigating the admissibility of his economic experts' testimony, but the essence of his argument is that this Court clearly erred by applying the incorrect standard of review to the R. & R. *See Mot. for Recons.* at 1. Specifically, Mr. Ravikant contends that the Court applied a *de novo* standard of review, rather than the clearly erroneous or contrary to law standard applicable to a magistrate judge's ruling on a non-dispositive matter. *See id.*

4

As an initial matter, while Mr. Ravikant correctly notes that this Court, in its general recitation of the legal standard for review of a magistrate judge's report and recommendation, briefly referenced the *de novo* standard for review dispositive matters, *see Daubert* Order at 2, the Court now clarifies its conclusion that exclusion of Mr. Ravikant's economic experts was warranted under the clearly erroneous or contrary to law standard.  That is because, upon reviewing the proposed testimony in light of the Second Circuit's guidance on the role of a court in adjudicating a *Daubert* motion, and a district court decision applying that guidance in analogous circumstances, *see Crawford v. Franklin Credit Mgmt. Corp.*, 08 Civ. 6293, 2015 WL 13703301 (S.D.N.Y. Jan. 22, 2015), this Court was left with the definite and firm conviction that it would be a mistake to permit Mr. Ravikant's economic experts to testify at trial—i.e., that it would be clear error to do so.

As the Second Circuit has explained, a district court is "the ultimate gatekeeper" of expert testimony.  *Williams*, 506 F.3d at 160 (internal quotation marks and citation omitted).  The proponent of expert testimony bears the burden of establishing its admissibility, and where such testimony is based on "data, a methodology, or studies that are simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony." *Amorgianos*, 303 F.3d at 266.  In applying those principles, the district court in *Crawford* explained that an economic expert's reliance on multiple layers of dependent assumptions (there, that the plaintiff would be admitted to medical school, then would pass a licensure exam, and then would find employment as a GP, *see* 2015 WL 13703301, at *7) rendered their proferred testimony simply too speculative to permit its admission under *Daubert*. *See id.* at *7-8.  In light of that logic, this Court agreed with Defendants that Mr. Ravikant's economic experts here similarly relied on a chain of dependent assumptions (i.e., that he would have succeeded in raising a certain amount of capital, then would have invested it in a particular

portfolio of companies, and then that his rate of return on this fund would be the same as that of his first one, *see Daubert* Order at 6-7), which rendered the methodology behind testimony too unreliable for admission under *Daubert*.   *See id.* at 8.

In an effort to distinguish this case from *Crawford*, Mr. Ravikant points to certain facts in the latter case.  But those particularities do not change the fundamental similarity between the nature of the testimony in that case and in this one.  In light of Second Circuit guidance and the application of that guidance in *Crawford*, the Court is left with the definite and firm conviction that it would be a mistake to permit Mr. Ravikant's economic experts to testify at trial.  In any event, the factual differences identified by Plaintiff do not establish that this Court's *Daubert* decision overlooked "controlling decisions or data that . . . might reasonably be expected to alter the conclusion reached by the court"—i.e., the "strict" standard on a motion for reconsideration. *Smith*, 2022 WL 3022526, at *1.

## CONCLUSION

"[T]he Court's interest is in reaching the correct result and, to that end, takes no issue with revisiting [its prior] ruling." *Martinez v. Hyde*, 792 F. Supp. 3d 211, 214 (D. Mass. 2025).  Here, however, for the reasons stated above, Mr. Ravikant's Motion for Reconsideration is **DENIED**.

The Clerk of Court is respectfully directed to close ECF No. 164.


SO ORDERED.

Dated: January 23, 2026
        New York, New York


_____
            DALE E. HO
      United States District Judge

6